**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

ROBERT S. HARFORD,

                Plaintiff,

     v.                                  **1:06-cv-2218-WSD**

DELTA AIR LINES, INC.,

                Defendant.

## OPINION AND ORDER

This is a case claiming age discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Age Discrimination in Employment Act of 1967 ("ADEA"). The matter is before the Court on Defendant Delta Air Lines, Inc.'s ("Delta") Motion to Dismiss [11] and Motion to Supplement Motion to Dismiss [12].

Plaintiff Robert S. Harford ("Plaintiff") is a male over the age of forty who began working for Delta in 1988.[1] In early 2005, Harford was advised that his position of Aircrew Program Instructor was scheduled to be abolished and that he would be placed on furlough. He was told to seek out other positions within Delta

---

[1] Except as noted, the Court draws its summary of facts from the Complaint and assumes Plaintiff's allegations as true.

through its Job Posting Program.  On April 7, 2005, Plaintiff submitted a bid for the position of Aviation Reference Librarian.  Plaintiff alleges that he was fully qualified for the position.

On May 9, 2005, Plaintiff learned that a female under the age of forty had been selected for the Aviation Reference Librarian position.  Plaintiff complained to the Manager and Selecting Official, Rick Brown, that he felt he had been discriminated against based on his age and gender.  On May 27, 2005, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

On May 31, 2005, Brown instructed Plaintiff by letter that he would be furloughed from his position.  Plaintiff immediately began searching for a new position.  On July 1, 2005, Plaintiff was placed on furlough status.  On July 18, 2005, Plaintiff accepted a position as a Baggage Handler, at a salary approximately $2,000 per month less than he had previously made as an Aircrew Program Instructor.

On February 16, 2006, the EEOC determined that Delta had engaged in unlawful discrimination based on age and gender in violation of Title VII and the

ADEA, and unlawfully retaliated against Plaintiff.  On June 16, 2006, the EEOC issued a Notice of Right to Sue.

On September 15, 2006, Plaintiff filed this action, alleging claims for retaliation, wrongful termination, and wrongful non-selection under the ADEA, and discrimination under Title VII.

On February 27, 2007, the Court stayed the proceedings in this case based upon the automatic stay provisions of 11 U.S.C. § 362 because, on September 14, 2005, Delta filed a voluntary petition under Chapter 11 of the Bankruptcy Code [5].

The Court reopened this case on September 11, 2007 upon Plaintiff's Motion to Reopen Case [6].

On September 28, 2007,[2] Delta moved to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(6).  Delta argues Plaintiff cannot state a claim because, on April 25, 2007, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered its Order (the "Confirmation Order")

_____

[2] Delta also apparently moved to add supplemental authority to its Motion to Dismiss.  As explained below, Delta attached documents which the Court may consider on a motion to dismiss.  Delta's Motion to Supplement Motion to Dismiss [12] is granted.

confirming the Debtors' Joint Plan of Reorganization ("the Plan").  In confirming the Plan, the Bankruptcy Court discharged and terminated all claims, subject to specific exclusions not at issue here, against Delta based on acts or omissions that occurred prior to the Plan's Effective Date of April 30, 2007.[3]

The law governing motions to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is well-settled.  Dismissal of a complaint is appropriate "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).  In considering a defendant's motion to dismiss, the court accepts the plaintiff's allegations as true and construes the complaint in the plaintiff's favor.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  Ultimately, the complaint is required to contain "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007).

---

[3] Although the Plan and the Confirmation Order discharge debts and claims of the Debtors, Plaintiff relies only on his argument regarding the form of motions in which the Defendant seeks relief.  The Court does not take a position on whether Plaintiff's motion to re-open this case violated the Confirmation Order.

When considering a motion to dismiss under Rule 12(b)(6), the Court is normally required to limit itself to consideration of the allegations of the complaint and documents attached to the complaint.  Fed. R. Civ. P. 12(b)(6), 10(c).  If matters outside the complaint are presented on a motion to dismiss and not excluded by the Court, the Court is normally required to treat the motion as one for summary judgment, and to give the parties a reasonable opportunity to present all the materials pertinent to the motion.  Fed. R. Civ. P. 12(d).  However, this Circuit and others have relaxed that rule to allow the Court to take judicial notice, see Fed. R. Evid. 201, of certain documents attached to a motion to dismiss, without converting the motion to one for summary judgment.  These documents include public filings required to be and actually filed with the Securities and Exchange Commission, Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1277-78 (11th Cir. 1999), public records, Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002), cert. denied, 540 U.S. 872 (2003), and public filings in other district courts.  Universal Express, Inc. v. S.E.C., 177 Fed. App'x 52, 53 (11th Cir. 2006).

Delta's Motion to Dismiss depends entirely on the validity of the Plan and on its effect in discharging and extinguishing claims.  Delta attached to its Motion

to Dismiss a Notice of Entry of Order Confirming the Plan [14]. That Notice was filed on the docket of Delta's case before the Bankruptcy Court. In re Delta Airlines, Inc., et al., No. 05-17923 (ASH), Order Confirming Debtor's Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code [5998] at Exh. B (Bankr. S.D.N.Y. April 25, 2007). The Court takes judicial notice of that filing and considers it in ruling on this Motion to Dismiss. The Court has also reviewed the Confirmation Order in its entirety and finds its terms consistent in all respects material to this case with the Notice of Entry of Order.

The Notice of Entry of Order [14] provides clearly that Plaintiff's claims against Delta were discharged and terminated by the Plan. According to the Notice of Entry of Order:

> Pursuant to Section 13.3 of the Plan . . . [e]xcept as otherwise specifically provided in the Plan or in the Confirmation Order, upon the Effective Date, all existing Claims against the Debtors and Interests in the Debtors were, and were deemed to be, discharged and terminated, and all holders of all Claims . . . are precluded and enjoined from asserting . . . any other or further Claim or Interest based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Effective date, whether or not such holder has filed a Proof of Claim and whether or not the facts or legal bases therefore were known or existed prior to the Effective Date.

Notice of Entry of Order [14] at ¶ 3. The Notice of Entry of Order defines the Plan's Effective Date as April 30, 2007. Id. ¶ 2. The Court has previously relied

on the discharge provision quoted above to dismiss claims asserted against Delta that arose before the Plan's Effective Date.  See Order [15], Chakravarti v. Delta Air Lines, Inc., No. 1:06-CV-00035-ODE (N.D. Ga. Sep. 6, 2007).

The Plan unequivocally discharges and extinguishes Plaintiff's claim.  The clear import of the quoted language precludes Plaintiff's claims if they arose before April 30, 2007.  Assuming the Complaint's allegations as true, Plaintiff's claims arose on or before May 27, 2005, the date on which he filed a discrimination complaint with the EEOC.  Since the Plan clearly discharges Delta from liability in this case, the Court is required to grant Delta's Motion to Dismiss.  As Delta accurately notes in its reply brief, Plaintiff may, if he believes he has a valid claim against Delta in bankruptcy, petition the Bankruptcy Court for relief.  This case cannot proceed in this Court.

Plaintiff lastly seeks a reasonable opportunity to present all materials pertinent to what it deems a motion for summary judgment, and he seeks a reasonable period of discovery on the issues raised in this case.  Plaintiff's requests are denied.  As the Court has already explained, consideration of the Notice of Entry of Order did not convert this motion to one for summary judgment because the Court may take judicial notice of public records filed in other district courts.

The Court also notes that Plaintiff was originally notified on August 17, 2007 that Delta intended to rely on the Notice of Entry of Order to preclude Plaintiff's claims [7]. Plaintiff has already had two opportunities to respond substantively to the Notice [8 & 17] and in both instances has elected not to do so. Plaintiff also has not identified with any specificity what, if any, discovery he wishes to conduct. The only question before the Court is whether Plaintiff's claims fall within the definition of those discharged by the Plan. Plaintiff's allegations in the Complaint establish that they do, and Plaintiff has not articulated any facts he would seek to establish through discovery which would contradict his allegations as to when his claims arose.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Delta Air Lines, Inc.'s Motion to Dismiss [11] and Motion to Supplement Motion to Dismiss [12] are **GRANTED**. The Clerk is **INSTRUCTED** to dismiss this case.

**SO ORDERED** this 30th day of January 2008.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

-8-